1   Rachel E. Fitzpatrick (*admitted pro hac vice*)
     Molly Booker (*admitted pro hac vice*)
2   HAGENS BERMAN SOBOL SHAPIRO LLP
     11 West Jefferson Street, Suite 1000
3   Phoenix, AZ  85003
     Telephone: (602) 840-5900
4   Facsimile:  (602) 840-3012
     mollyb@hbsslaw.com
5   rachelf@hbsslaw.com

6   Christopher Pitoun (SBN 290235)
     HAGENS BERMAN SOBOL SHAPIRO LLP
7   301 North Lake Avenue, Suite 920
     Pasadena, CA 91101
8   Telephone: (213) 330-7150
     Facsimile:  (213) 330-7152
9   christopherp@hbsslaw.com

10   *Attorneys for the Pfaff Plaintiffs*

11

12                    UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                       SAN FRANCISCO DIVISION

15   IN RE:                                    No.

16   PROPECIA (FINASTERIDE) PRODUCTS     CV-20   80148-MISC.
17   LIABILITY LITIGATION

18   THIS DOCUMENT APPLIES TO:

19   *Kelly S. Pfaff, individually, on behalf of J.A.P.*     **NOTICE OF MOTION AND**
     *and C.P., minors, and as Trustee of the Pfaff*          **MOTION TO QUASH OR MODIFY**
20   *Family Trust*                                           **NONPARTY SUBPOENA;**
                                                              **MEMORANDUM OF POINTS AND**
21                                                            **AUTHORITIES**
                                        Plaintiffs,
22                                                       Hearing date:
         v.                                              Hearing Time:
23
     *Merck & Co., Inc. and Merck Sharp & Dohme*
24   *Corp,*

25                                        Defendants.

26

27

28

010397-11/1337311 V1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on _____ and _____ a.m/p.m, at

_____, before the Honorable _____, the Pfaff Plaintiffs will

and do move for an order granting this Motion to Quash or Modify Nonparty Subpoena. Plaintiffs'

Motion is supported by this Notice and Motion, the Memorandum of Points and Authorities below,

the Declaration of Rachel E. Fitzpatrick, and the enclosed Proposed Order.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

The Pfaff Plaintiffs move, under Fed. R. Civ. P. 26 and 45(d)(3), to quash, or in the

alternative modify, Defendants Merck & Co., Inc. and Merck Sharpe & Dohme Corp.'s ("Merck")

revised August 13, 2020 subpoena duces tecum directed to nonparty Trace3, Inc. ("Trace3")

("Trace3 Subpoena") in the multidistrict litigation involving the cosmetic prescription hair-loss drug

Propecia pending in the Eastern District of New York. Merck's attempt to obtain Trace3's records

and communications violates the Federal Rules of Civil Procedure and is otherwise an improper

maneuver to obtain irrelevant, private, and duplicative information. To be sure, the Trace3 Subpoena

is Merck's back-door attempt to access documents and information through improper means to

circumvent the gatekeeping and protections afforded to Plaintiffs by the Rules.

### II.      RELEVANT FACTUAL BACKGROUND

In March 2015, the Pfaff Plaintiffs sued Merck for the wrongful death of their husband and

father John Pfaff.[1] Mr. Pfaff completed suicide in March 2013 after taking the cosmetic prescription

hair-loss drug Propecia for nearly four years.[2] Plaintiffs allege that Merck failed to warn of

Propecia's dangerous depression and suicide ideation side effects, resulting in Mr. Pfaff's death.[3] Mr.

Pfaff took Propecia from May 2008 until around February 2012.[4] Trace3 employed Mr. Pfaff from

---

[1] R. Fitzpatrick Decl. at Ex. A (Mar. 5, 2015 Pfaff Compl. ("Pfaff Compl.")).

[2] *Id.* at ¶¶ 1-3.

[3] *Id.*

[4] *Id.* at ¶ 2.

NOTICE OF MOTION AND MOTION TO QUASH A SUBPOENA - 1
Case No.:
010397-11/1337311 V1

around May 2005 to January 2013.[5] Trace3 is an information technology and consulting company offering infrastructure, data management, virtualization, and network optimization solutions and services for businesses.[6] Mr. Pfaff began his career at Trace3 in sales before he was promoted to President in January 2010.[7] He served as Trace3's President until his abrupt resignation in January 2013.[8] In his various roles at Trace3 over nearly eight years, Mr. Pfaff oversaw sales and clients, and managed employees and company operations.[9]

The Pfaff Plaintiffs filed their case in the United States District Court for the Southern District of California, but shortly thereafter it was transferred into the *In re Propecia (Finasteride) Product Liability Litigation* multidistrict litigation, case no. 12-MDL-2331, pending before Judge Brian M. Cogan in the Eastern District of New York.[10] In response to broad document requests served in the MDL, and informal follow-up requests from Merck, Plaintiffs have produced hundreds of documents in their possession, custody, or control, including information relating to Trace3.[11] In November 2019, Merck sought and obtained documents directly from Trace3 via authorizations Plaintiffs provided.[12] Plaintiffs obtained and produced data from Mr. Pfaff's cell phone, which includes data relating to Mr. Pfaff's employment with Trace3.[13]

On August 13, 2020, Merck served Plaintiffs with a notice of intent to serve and copy of the Trace3 Subpoena, in accordance with MDL Practice and Procedure Order No. 6.[14] The Order requires a party to move to quash the subpoena within fifteen days of its receipt.[15] If the party does

---

[5] *Id.* at ¶¶ 39, 51.

[6] https://www.bloomberg.com/profile/company/0863561D:US (last visited August 29, 2020).

[7] R. Fitzpatrick Decl. at Ex. A (Pfaff Compl. ¶ 39).

[8] *Id.* at ¶ 51.

[9] *Id.* at ¶ 39.

[10] *Pfaff et al v. Merck & Co., Inc. et al.,* Case No. 3:15-cv-509-DMS-BLM, Dkt. 8-9 (S.D. Cal. March 5, 2015).

[11] R. Fitzpatrick Decl. at ¶ 4; Ex. B (MDL Doc. Reqs.).

[12] *Id.* at ¶ 5.

[13] *Id.* at ¶ 6.

[14] *Id.* at ¶ 7-8; Ex. C (PPO No. 6 at ¶ 8).

[15] R. Fitzpatrick Decl. at Ex. C (PPO No. 6 at ¶ 8).

not move to quash the subpoena in that fifteen-day period, the propounding party may serve the

subpoena on the person or entity to whom it is directed.[16] On August 19, 2020, counsel for the

Parties met and conferred regarding the Trace3 Subpoena.[17] In response to this conversation, Merck

revised Request No. 8 to the Trace3 Subpoena, but made no other changes.[18] Because the Trace3

Subpoena still seeks irrelevant, overbroad, duplicative, and private or confidential documents from a

nonparty, it must be quashed.

### III.    AUTHORITY AND ARGUMENT

#### A.    The Pfaff Plaintiffs have standing to quash the Trace3 Subpoena.

A party may challenge a nonparty subpoena where the party has a personal right or privilege

with respect to the documents sought. *Am. Broad. Companies, Inc. v. Aereo, Inc.*, No. CV-12-80300-

RMW, 2013 WL 1508894, at *2 (N.D. Cal. Apr. 10, 2013); *Moon v. SCP Pool Corp.*, 232 F.R.D.

633, 636 (C.D. Cal. 2005) (noting party may challenge subpoena duces tecum served on nonparty by

moving to quash or seeking protective order).

The Trace3 Subpoena seeks, among other things, documents and communications from

Trace3 that implicate, largely without limitation or temporal limit, John Pfaff's private, protected

personal and professional information. Merck requests all documents and communications in

Trace3's possession regarding Mr. Pfaff's employment, hiring, promotions, attendance, performance,

taxes, training, and education (Req. 1); Mr. Pfaff's worker's compensation, disability, social security,

insurance, and Medicare/Medicaid participation (Req. 2); Mr. Pfaff's retirement benefits, bonuses,

stocks, trusts, loans, and "all other financial information" (Req. 3); Mr. Pfaff's speaking

engagements and published works (Req. 4); Mr. Pfaff's counseling or coaching services (Req. 5);

Mr. Pfaff's schedules and calendars (Req. 6); Mr. Pfaff's resignation from Trace3 (Req. 7); Mr.

Pfaff's role, duties, position, standing, opinions, state of mind, and relationships (Req. 8); Mr. Pfaff's

usernames and passwords (Req. 12).[19] The information sought undoubtedly encompasses Mr. Pfaff's

---

[16] *Id.*

[17] R. Fitzpatrick Decl. at ¶ 9.

[18] *Id.*; Ex. D (Trace3 Subpoena).

[19] R. Fitzpatrick Decl. at Ex. D (Trace3 Subpoena at ¶¶ 1-8, 12).

1   confidential, private, and perhaps even privileged matters, much of which falls outside the timeframe

2   and scope of this case. The Pfaff Plaintiffs have standing to oppose the Trace3 Subpoena.

**B.    The Trace3 Subpoena violates the relevance and proportionality requirements of Rule 26.**

Rule 26 governs nonparty subpoenas, and Merck must tailor the Trace3 Subpoena to seek only non-privileged matters "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (as amended on Dec. 1, 2015); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679 (N.D. Cal. 2006) (acknowledging Rule 26 controls scope of subpoena discovery); *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006) ("Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena."). As the party issuing the Trace3 Subpoena, Merck "must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Optimize Tech. Sols., LLC. v. Staples, Inc.*, No. 14MC80095LHKHRL, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014), *citing Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03 CIV.1382 RWS, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003). The Court must quash or modify a nonparty subpoena where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). In assessing the Trace3 Subpoena's propriety, the Court is tasked with weighing the relevance, the breadth and time period of the requests, the propounding party's particularity in describing the documents, the propounding party's need for the documents, and the burden imposed on the nonparty. *Del Campo*, 236 F.R.D. at 459. On balance, the Trace3 Subpoena is neither relevant nor proportional to the needs of the case and should be quashed, or at least modified.

**1.    The Trace3 Subpoena is overbroad.**

Just four of the Subpoena's thirteen requests contain any time limitations for the information sought, and three of those requests target Trace3 company policies alone, so they have no personal

1   bearing on the decedent of Plaintiffs.[20] Mr. Pfaff worked for Trace3 approximately three years before

2   he began taking Propecia, the cosmetic drug at the center of Plaintiffs' claims that Mr. Pfaff suffered

3   mental and physical decline, and ultimately death. The Trace3 records from this three-year time

4   period preceding his Propecia ingestion are irrelevant and overbroad on their face. Further, in the *In*

5   *re Propecia (Finasteride) Product Liability Litigation*, each plaintiff had to complete a Plaintiff

6   Profile Form and respond to accompanying document requests.[21] Those requests limited employment

7   and tax discovery for wage loss claims (a claim the Pfaff Plaintiffs allege) to three years before the

8   date such wage loss is alleged.[22] Mr. Pfaff did not resign from Trace3 until January 2013. So even

9   under those reasonable MDL discovery parameters, Merck would only be entitled to discovery of

10  Mr. Pfaff's Trace3 employment and financial records from January 2010 until his death. Mr. Pfaff's

11  employment records, activities, writings, and communications before he took Propecia are irrelevant

12  and an overbroad reach for something—anything—that will support Merck's defense.

13          **2.      The Trace3 Subpoena calls for the production of private, confidential,
                     and irrelevant information about Mr. Pfaff and nonparties.**

14

15      Request No. 8, in particular, demands Trace3 produce:

16      True and correct copies of all records, files, documents, communications,
        memoranda, and all other information in your possession, custody, or control for the
17      time period January 1, 2012 to the present discussing or reflecting in any manner the
        role, duties, position, standing, opinions, state of mind and/or relationships of **John
18      D. Pfaff** to which he was an author or recipient. This request includes, but is not
        limited to, items contained in email accounts, document management systems, shared
19      drives, computer hardware, hard copy files or any other source of data maintained by
        Trace3. Furthermore, this request does not seek any information that would be subject
20      to the attorney-client privilege nor any information that would reveal a trade secret of
        Trace3.[23]
21

22  While this request is limited in time (unlike the other nine requests specific to Mr. Pfaff) and

23  purports to exclude Trace3 "trade secrets," it is certain to contain the confidential and private

24

25  ────────────────

26      [20] R. Fitzpatrick Decl. at Ex. D (Trace3 Subpoena at ¶¶ 8-11).

        [21] *Id.* at Ex. B, (MDL Doc. Reqs.).
27
        [22] *Id.* at ¶ 6.
28
        [23] R. Fitzpatrick Decl. at Ex. D (Trace3 Subpoena at ¶ 8).

1   information of third-parties, such as Trace3 employees, investors, and clients given that Mr. Pfaff's

2   role required him to supervise and manage such persons. *See Seattle Times Co. v. Rhinehart*, 467

3   U.S. 20, 35 n. 21, 104 S. Ct. 2199, 2209 n. 21, 81 L. Ed. 2d 17 (1984) ("Although [Rule 26] contains

4   no specific reference to privacy or to other rights or interests that may be implicated, such matters are

5   implicit in the broad purpose and language of the Rule."). Documents in Trace3's possession

6   "discussing or reflecting in any manner the role, duties, position, standing, opinions, state of mind

7   and/or relationships of **John D. Pfaff**" would include, for example, communications with clients

8   about Trace3 services or clients' proprietary business information; communications with colleagues

9   or investors about Trace3's finances, growth, and business strategies; communications with or about

10  employees' personal family or health matters, finances, or performance. As written, it would also

11  include any Trace3 document drafted, edited, or even received by Mr. Pfaff in the ordinary course of

12  his role as President of the company, but that have no bearing on his mental or physical condition or

13  the claims or defenses in this lawsuit. Documents disclosing private or confidential information,

14  particularly when irrelevant, abuse the nonparty subpoena power.

15          **3.      The Trace3 Subpoena seeks duplicative, and possibly privileged, information already sought or obtained from other sources.**

16

17          Over the course of the MDL, the Pfaff Plaintiffs have produced hundreds of documents to

18  Merck.[24] They have executed and provided the appropriate authorizations for Merck to obtain Mr.

19  Pfaff's employment and tax records going back three years, in accordance with the MDL Document

20  Requests.[25] Through these authorizations, Merck obtained 102 pages of documents from Trace3.[26]

21  Plaintiffs also obtained and produced Mr. Pfaff's employment file received from Trace3 via their

22  own record request.[27] Plaintiffs obtained Mr. Pfaff's cell phone, screened its data for relevance and

23  privilege, and produced the information to Merck, some of which related to Trace3.[28] Merck now

24

25  [24] R. Fitzpatrick Decl. at ¶ 4.

26  [25] *Id.* at ¶ 5.

    [26] *Id.*

27  [27] *Id.* at ¶ 4.

28  [28] *Id.* at ¶ 6.

NOTICE OF MOTION AND MOTION TO QUASH A SUBPOENA - 6
Case No.:
010397-11/1337311 V1

seeks ostensibly the same information from Trace3 again, but without any time restraints (as the document requests provided) or the ability for Plaintiffs to screen the materials for relevance and applicable privileges, if any.[29] *See Gonzales*, 234 F.R.D. at 686 (holding district court has discretion to limit discovery where "discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.").

### 4.    The Trace3 Subpoena unduly burdens a nonparty for what largely amounts to a fishing expedition.

The Court must quash or modify a subpoena that subjects an entity to undue burden, particularly where the subpoena is directed at a nonparty. Fed. R. Civ. P. 45(3)(A)(iv); *Realtime Data, LLC v. MetroPCS Texas, LLC*, No. 12CV1048-BTM MDD, 2012 WL 1905080, at *2 (S.D. Cal. May 25, 2012) (finding "non-party status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue.") *quoting Whitlow v. Martin*, 263 F.R.D. 507, 512 (C.D.Ill.2009). Because the Trace3 Subpoena seeks irrelevant and overbroad information, as discussed above, certain requests are unduly burdensome on their face. *See Gonzales*, 234 F.R.D. at 680 ("Of course, if the sought-after documents are not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed would be by definition undue.") (internal quotation marks omitted) *quoting Compaq Computer Corp. v. Packard Bell Elec., Inc.,* 163 F.R.D. 329, 335-36 (N.D.Cal.1995). Rule 45 requires the Court to weigh the burden to the subpoenaed party against the value of the information to the propounding party. *Del Campo*, 236 F.R.D. at 459.

This is a wrongful death case arising out Merck's failure to warn of catastrophic side effects caused by the cosmetic drug Propecia. Merck has failed to articulate why eight years of decedent John Pfaff's employment records are even plausibly relevant to Mr. Pfaff's untimely death. The Pfaff Plaintiffs already produced hundreds of documents in response to broad requests, e.g., "any documents including email, in your possession *relating to Propecia and/or Proscar, your injuries and/or this lawsuit*, not including those items covered by the Attorney-Client or Work Product

---

[29] R. Fitzpatrick Decl. at Ex. D (Trace3 Subpoena at ¶¶ 1-3, 5-8).

Privileges" (emphasis added),[30] but until this week, Merck had yet to serve specific terms for Plaintiffs to use in searching for responsive ESI data.[31] Merck cannot fish for large swaths of information from a nonparty when it fails to timely seek those materials from the Pfaff Plaintiffs first, particularly in an effort to circumvent Plaintiffs' right to screen the information for its discoverability (as they have done in the ordinary course for all discovery productions).

Likewise, Merck cannot rely on broad, vague language to justify entitlement to anything relating to Mr. Pfaff in Trace3's possession.[32] *See Gonzales*, 234 F.R.D. at 682 ("…pretrial discovery is a fishing expedition and one can't know what one has caught until one fishes [b]ut Fed.R.Civ.P. 45(c) allows the fish to object, and when they do so the fisherman has to come up with more") (internal quotation marks omitted) *quoting Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 931 (7th Cir. 2004). Merck must articulate the need for the information sought by the Trace3 Subpoena in order to evaluate its probative value, which is currently unknown. *See* Fed. R. Civ. P. 26(b) (assessing proportionality of nonparty discovery requires consideration of, among other factors, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit"); *see also Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 411 (C.D. Cal. 2014) (quashing nonparty subpoena as unduly burdensome where value of nonparty's information is unknown and the information sought is obtainable from other sources).

## IV.    CONCLUSION

The Trace3 Subpoena seeks information outside the bounds of Rules 26 and 45. The Pfaff Plaintiffs respectfully request this Court quash, or in the alternative modify, the Trace3 Subpoena.

---

[30] R. Fitzpatrick Decl. at Ex. B (MDL Doc. Reqs. at ¶ 13; *see also*, ¶ 16).

[31] R. Fitzpatrick Decl. at ¶ 11.

[32] *See, e.g.*, R. Fitzpatrick Decl. at Ex. D (Trace3 Subpoena at ¶¶ 1, 8).

NOTICE OF MOTION AND MOTION TO QUASH A SUBPOENA - 8
Case No.:
010397-11/1337311 V1

1    DATED:  August 28, 2020            Respectfully submitted by,

2                                       HAGENS BERMAN SOBOL SHAPIRO LLP

3

4

5

6                                       By _____
                                            Rachel E. Fitzpatrick
7                                       Molly A. Booker
                                        11 W. Jefferson Street, Suite 1000
8                                       Phoenix, AZ  85003
                                        Telephone:  (602) 840-5900
9                                       Facsimile:  (602) 840-3012
                                        Email: RachelF@hbsslaw.com
10                                             MollyB@hbsslaw.com

11                                      *Attorneys for Plaintiffs*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO QUASH A SUBPOENA - 9
Case No.:
010397-11/1337311 V1

1

**CERTIFICATE OF SERVICE**

2       I, the undersigned, certify and declare that on August 28, 2020, I served a true copy of

3    NOTICE OF MOTION AND MOTION TO QUASH OR MODIFY NONPARTY SUBPOENA;

4    MEMORANDUM OF POINTS AND AUTHORITIES by personally delivering it to the persons

5    indicated below by electronic mail.

6             Mac Plosser (mac.plosser@butlersnow.com)
              Charles F. Morrow (chip.morrow@butlersnow.com)
7             Butler Snow LLLP
              Crescent Center
8             6075 Poplar Avenue, Ste. 500
              Memphis, TN  38119
9             Attorneys for Defendants Merck & Co., Inc.

10

11

12                                   

13

14

15                          _____

16                                   Rachel Fitzpatrick

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO QUASH A SUBPOENA - 10
Case No.:
010397-11/1337311 V1