UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY S. PFAFF, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>MERCK & CO., INC., et al.,<br><br>　　　　　Defendants. | Case No. 20-mc-80148-AGT<br><br>**ORDER DENYING MOTION TO QUASH**<br><br>Re: Dkt. No. 1 |

In a products liability and wrongful death action pending in another district court, Kelly Pfaff, on behalf of herself, her children, and the Pfaff family trust, alleges that her husband, John Pfaff, committed suicide in 2013 due to his use of Merck's prescription drug Propecia.[1] Last month, as part of discovery, Merck notified Ms. Pfaff of its intention to serve a document subpoena on Trace3, Inc., the California-based company at which Mr. Pfaff was president until shortly before his death. Ms. Pfaff and the other plaintiffs responded by moving to quash the Trace3 subpoena. Their motion to quash is pending in this court, which is the court for the district where compliance with the subpoena is required. *See* Fed. R. Civ. P. 45(d)(3).

Having considered the motion to quash, the Court denies it for the following reasons.

\* \* \*

1. The plaintiffs initially assert that the Trace3 subpoena seeks irrelevant information. Assuming that the plaintiffs can challenge a nonparty subpoena on relevance grounds,[2] the Court

---

[1] *See generally Pfaff v. Merck & Co., Inc.*, No. 15-CV-03355 BMC (PK) (E.D.N.Y.), *part of In re: Propecia (Finasteride) Prods. Liab. Litig.*, No. 12-MD-02331 BMC (PK) (E.D.N.Y.).

[2] *Compare Botta v. PricewaterhouseCoopers LLP*, No. 18-CV-02615 RS (LB), 2018 WL 6257459, at *2 (N.D. Cal. Nov. 30, 2018) (a party "cannot object to a non-party subpoena on the grounds of relevance"), *with In re REMEC, Inc. Sec. Litig.*, No. 04-CV-1948 JLS (AJB), 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008) (a party "has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information").

rejects this argument. The documents that Merck seeks from Trace3 are relevant to the parties' claims and defenses.

Mr. Pfaff worked at Trace3 before, during, and after he used Propecia. Trace3's records related to his employment (e.g., his performance reviews, work emails, and calendars) are likely to shed light on his state of mind during those periods, and on how his mental health may have changed while he was taking Propecia. Other Trace3 records related to Mr. Pfaff (e.g., his bonus packages, workers' compensation records, and other emails) could also indicate whether he was under stress or experiencing health or financial troubles. These are just examples. The point is that Mr. Pfaff's state of mind before his suicide, and any factors that may have contributed to his suicide, are relevant; and the documents that Merck seeks from Trace3 are likely to touch on those issues.

2. The plaintiffs also argue that because the subpoena seeks Mr. Pfaff's confidential employment records, it will infringe on his right of privacy secured by the California Constitution. The Court disagrees.

Initially, there's reason to doubt that Mr. Pfaff's right of privacy survived his death. *See Hendrickson v. Cal. Newspapers, Inc.*, 48 Cal. App. 3d 59, 62 (1975) (declaring it "well settled that the right of privacy is purely a personal one" that "cannot be asserted by anyone other than the person whose privacy has been invaded" and "does not survive but dies with the person"). But even if the right did survive, it isn't absolute and must be balanced against the need for disclosure. *See Puerto v. Superior Court*, 158 Cal. App. 4th 1242, 1250 (2008).

The need for disclosure is compelling here, where the plaintiffs allege that Propecia caused Mr. Pfaff to commit suicide, and where Mr. Pfaff's work-related records are likely to shed light on his mental state before, during, and after he took Propecia.

On the other side of the scale, Mr. Pfaff's privacy rights can be adequately safeguarded by a protective order that prohibits Merck from using the discovery it obtains from Trace3 except in this litigation. *See Bernstein v. Virgin Am., Inc.*, No. 15-CV-02277 JST, 2018 WL 6199679, at *3 (N.D. Cal. Nov. 28, 2018) ("Protective orders are routinely sufficient to protect party and non-party rights in personnel files."). If the forum court hasn't already entered such a protective order,

2

the parties may apply to this Court to enter one to govern the Trace3 subpoena.

3. The plaintiffs next assert that the Trace3 subpoena should be quashed because Merck has already received certain documents from Trace3, and Merck has now chosen "to serve this [subpoena] late in the discovery game." Reply, ECF No. 21 at 7. No suggestion has been made that the deadline for discovery has passed, so the Court doesn't find this argument for quashing or limiting the Trace3 subpoena persuasive.

4. The plaintiffs raise two more arguments for quashing the subpoena. They lack standing to assert either. First, they lack standing to assert that complying with the subpoena will be unduly burdensome. The subpoena is directed to Trace3 not to the plaintiffs, and the plaintiffs can't make an undue-burden argument on Trace3's behalf. *See Finley v. Pulcrano*, No. C 08-0248 PVT, 2008 WL 4500862, at *1 (N.D. Cal. Oct. 6, 2008) ("A party does not have standing to quash a subpoena on the basis that the non-party recipient of the subpoena would be subjected to an undue burden when the non-party has failed to object."). Second, the plaintiffs lack standing to challenge the subpoena on grounds that it seeks documents that may contain Trace3's confidential information. This, too, is an argument that can be made by Trace3, but not by the plaintiffs. *Cf. Ponsford v. United States*, 771 F.2d 1305, 1308 (9th Cir. 1985) ("Where the taxpayer has no proprietary interest in the records sought, he lacks standing to quash the summons.").

\* \* \*

The plaintiffs' motion to quash the Trace3 subpoena is denied.

**IT IS SO ORDERED.**

Dated: September 28, 2020

ALEX G. TSE
United States Magistrate Judge

3